## S99Y1329. IN THE MATTER OF LOUIS STARKS.
(520 SE2d 687)

PER CURIAM.

The State Bar filed a Formal Complaint against Respondent Louis Starks alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 45 (f) (instituting, causing to be instituted or settling a legal proceeding or claim without obtaining proper authorization from his client); and 65 (A) (failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). The State Bar perfected service pursuant to Bar Rule 4-203.1, and upon Starks' failure to file a timely answer as required by Bar Rule 4-212 (a), the special master granted the State Bar's Motion for Findings of Facts and Law by Default and recommended disbarment as the appropriate sanctions. As more than 30 days passed after the filing of the special master's report without a request by either party for review by the Review Panel, Starks has waived any right he may have had under the rules to file exceptions with or make request for oral argument to this Court, and is subject to its discipline. See Bar Rule 4-217 (c). We agree with the special master that disbarment, as defined by Bar Rule 4-102 (b) (1), is an appropriate sanction for Starks' violations of Standards 4, 45 (f), and 65 (A) of Bar Rule 4-102 (d).

Starks was retained by a client to represent her in claims arising from a motor vehicle accident. Starks notified the insurance company that he represented the client but subsequently failed to respond to the client's numerous inquiries about the status of her claim. On May 26, 1995, Starks sent the insurance company a demand letter, and on June 7, 1995, the company made an offer of settlement. On June 14, 1995, Starks accepted the settlement offer without having informed his client of the offer or having obtained her authorization to settle. On June 16, 1995, the insurance company sent an $8,000 settlement check, made payable to Starks and the client, to Starks. Starks failed to notify the client that he received the check and, without her authorization, negotiated the check, made personal use of the proceeds, and failed to give an accounting to the client.

Although this Court notes Starks' lack of a prior disciplinary record in mitigation, the Court finds this mitigating factor offset by the aggravating factors of Starks' bad faith obstruction of the disciplinary proceedings, refusal to acknowledge the wrongful nature of his conduct, and substantial experience in the practice of law.

We agree with the special master that disbarment is warranted as a result of Starks' violations of Standards 4, 45 (f), and 65 (A) of Bar Rule 4-102 (d). Accordingly, Starks is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.